**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                              Case No. 14-20115

v.                              Hon. Gerald E. Rosen

D-1  JOHNNIE DENHAM, JR. and
D-3  VERNON LAWSON,

       Defendants.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANTS' MOTIONS TO DISMISS INDICTMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____July 14, 2015_____

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

## I.  INTRODUCTION

Defendants Johnnie Denham, Jr. and Vernon Lawson, along with three other

defendants, are named in a March 4, 2014 indictment that alleges a scheme to file false

claims for income tax refunds with the federal Internal Revenue Service ("IRS").

Specifically, Defendant Denham is charged in eight counts of the eleven-count

indictment with (i) conspiracy to defraud the Government in violation of 18 U.S.C. § 286

(Count One), (ii) two counts of preparing and filing false claims in his own name with the

IRS, an agency of the United States Department of Treasury, in violation of 18 U.S.C. §

287 (Counts Two and Eight), and (iii) five counts of aiding and abetting in the preparation and filing of false claims against the United States in the names of others, in violation of 18 U.S.C. §§ 287 and 2 (Counts Four, Six, Seven, Ten, and Eleven). Defendant Lawson, in turn, is charged in four counts of the indictment with (i) conspiracy to defraud the Government in violation of 18 U.S.C. § 286 (Count One), (ii) filing a false claim in his own name with the IRS, in violation of 18 U.S.C. § 287 (Count Three), and (iii) two counts of aiding and abetting in the preparation and filing of a false claim against the United States, in violation of 18 U.S.C. §§ 287 and 2 (Counts Six and Seven). Each of these two Defendants has invoked his right to represent himself in this case, but the Court has appointed standby counsel to assist these Defendants in representing themselves.

Through the present *pro se* motions and other submissions, Defendants Denham and Lawson each seek the dismissal of the charges against them.[1] Each of these Defendants has previously filed *pro se* motions to dismiss the indictment,[2] and the Court has denied these motions in rulings issued on July 10 and September 17, 2014. As discussed below, and as stated at a July 13, 2015 hearing, the present motions raise many

---

[1]The Court notes that Defendant Denham steadfastly refuses to characterize his submissions as motions, and instead captions them with such titles as "affidavit," "writ," "averment," and "notice to abate." Nonetheless, he consistently requests the dismissal of the indictment in these filings, so the Court has elected to construe these submissions as motions to dismiss brought under Fed. R. Crim. P. 12(b).

[2]Again, Defendant Denham's prior submissions were not captioned as motions, but the Court nonetheless treated them as such.

of the same or similar issues as those advanced in Defendants' earlier motions, along with new challenges that continue to evidence the *pro se* Defendants' lack of understanding of the procedures that govern criminal proceedings in federal court. Consequently, for the reasons stated on the record at the July 13 hearing, as supplemented by the rulings below, the Court denies Defendants' motions as wholly lacking in merit.

## II. <u>ANALYSIS</u>

### A.    Defendant Lawson's Renewed Motion to Dismiss the Indictment

Defendant Lawson's present motion consists largely of recitations of general background principles of criminal law and procedure, and is somewhat unclear in its identification of any purported grounds for dismissing the indictment in this case.  It appears, however, that Defendant Lawson means to challenge the indictment on two grounds:  (i) that it was not signed by the grand jury foreperson or an attorney for the Government, as required under Fed. R. Crim. P. 6(c) and 7(c)(1), and (ii) that a press release issued by the U.S. Attorney's Office in connection with the indictment of Defendant Lawson and his four co-defendants was an improper "report" issued by the grand jury in excess of its legal authority.

Defendant Lawson's first challenge rests upon his contention that "there exists no indictment [in this case] signed by both [the] Special Grand Jury Foreman and the United

States Attorney." (Defendant Lawson's 10/17/2014 Motion to Dismiss at 5.)[3] As

Defendant observes, Fed. R. Crim. P. 6(c) dictates that the grand jury foreperson "will

sign all indictments," and Fed. R. Crim. P. 7(c)(1) requires that an indictment "must be

signed by an attorney for the government." Defendant's assertion that these signatures

are lacking here presumably rests upon his review of the copy of the indictment that

appears on the electronic court docket in this case, which discloses only "s/" signatures

for the (unidentified) "Foreperson of the Grand Jury" and for two Assistant U.S.

Attorneys, Ross MacKenzie (the head of the Complex Crimes Unit) and Craig Weier (the

lead prosecutor in this case). Yet, the absence of original signatures on this electronic

copy of the indictment plainly does not establish that the grand jury foreperson and

Assistant U.S. Attorneys failed to sign the original indictment. To the contrary, a review

of this original indictment, as maintained in the clerk's office and produced for inspection

by Defendant and his standby counsel at the July 13, 2015 hearing, confirms that it bears

these required signatures. Accordingly, this challenge to the indictment lacks any factual

basis.

In a related challenge, Defendant Lawson suggests that an indictment is deficient

unless it bears the signature of "*the* attorney for the United States," (Defendant Lawson's

10/17/2014 Motion to Dismiss at 7 (emphasis added)), and he apparently views the

_____

[3]Throughout Defendant Lawson's motion (and in Defendant Denham's submissions as well), there is the suggestion that the indictment in this case was returned by a "special" grand jury. It is unclear how Defendants have arrived at this belief, and the record fails to support it.

4

signature of an Assistant U.S. Attorney, as opposed to the U.S. Attorney herself, as inadequate to satisfy this posited requirement.  The rule that he cites, however, demands only the signature of "***an*** attorney for the government," Fed. R. Crim. P. 7(c)(1) (emphasis added), and an Assistant U.S. Attorney's signature plainly fulfills the obligation imposed by this rule.

Finally, Defendant Lawson apparently contends that a press release issued by the U.S. Attorney's Office following the grand jury's return of the indictment in this case should be viewed as a "report" issued by the grand jury to the public, and he evidently maintains that the grand jury thereby exceeded the statutory authority that permits a "special grand jury" to submit a report of its investigation "to the court."  (Defendant Lawson's 10/17/2014 Motion to Dismiss at 8 (quoting 18 U.S.C. § 3333(a)).)  This challenge, however, rests upon the false premise that the grand jury issued the press release in question.  In fact, this press release states on its face that it was issued by the U.S. Attorney's Office for the Eastern District of Michigan, (*see* Defendant Lawson's 10/17/2014 Motion to Dismiss, Ex. A, 3/4/2014 Press Release), so it plainly is not subject to the statutory limitations imposed upon the reports of a special grand jury.  Moreover, to the extent that Defendant Lawson means to suggest that this press release somehow brought about the improper public disclosure of information that is protected by the rules ensuring the secrecy of grand jury proceedings, *see* Fed. R. Crim. P. 6(e)(2), the Government correctly observes in response that the press release includes only

information that was already part of the public record at the time, such as (i) the fact that the five Defendants in this case had been indicted, and (ii) the charges and allegations contained in this indictment.  Thus, Defendant Lawson has failed to identify anything unlawful about this press release, much less any grounds for dismissing the indictment in light of this press release.

**B.      Defendant Denham's "Motions" To Dismiss the Charges Against Him**

Defendant Denham's more recent submissions to the Court, like his earlier ones addressed at a September 17, 2014 hearing and in an order issued the same day, continue to consist largely of sweeping assertions of "law" — or, perhaps more accurately, a hodgepodge of legalese — as culled by Defendant from such sources as the "Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States" and the "United Nations Declaration on the Rights of Indigenous People."  Consequently, it is difficult to discern the precise nature of the challenges he seeks to pursue.  Nonetheless, it appears that Defendant Denham seeks the dismissal of the charges against him on the grounds (i) that the Court lacks jurisdiction over him in light of his claimed status as an "Aboriginal Indigenous Moorish-American," (ii) that the Government is in "default" due to its failure to produce various materials demanded by Defendant, including the Court's oath of office, an oath or affirmation of probable cause under the Fourth Amendment, evidence of the citizenship of all "parties of interest" in the case, and a statement of the name, nationality, and citizenship of each member of the grand jury, and (iii) that there

were defects in the procedures through which the charges were brought against him. Most or all of these challenges have been previously raised in this case, either by Defendant Denham himself or by Defendant Lawson, and the Court has already addressed (and rejected) them in its prior rulings. In any event, Defendant Denham's arguments are patently without merit and warrant only brief discussion.

First, Defendant Denham's claim of "Moorish" citizenship, even if accepted,[4] is immaterial to the existence of the Court's jurisdictional authority over Defendant and this case. As to subject matter jurisdiction, the Court has already addressed this point in its ruling on Defendant Lawson's initial motion to dismiss, explaining that "the indictment unquestionably charges Defendant with violations of federal statutes — specifically, 18 U.S.C. §§ 286, 287, and 2 — and the Supreme Court has long since confirmed that the federal district courts are vested with subject matter jurisdiction in cases charging offenses against the laws of the United States." (7/10/2014 Op. at 7 n.3 (internal quotation marks and citations omitted).)

Likewise, Defendant Denham's denial of his U.S. citizenship does not relieve him of the obligation to appear in this case and face the charges brought against him. As explained by the Seventh Circuit, the "[l]aws of the United States apply to all persons within its borders." *United States v. James,* 328 F.3d 953, 954 (7th Cir. 2003). Thus,

---

[4]As the Government has observed, Defendant Denham's apparent denial that he is a United States citizen is highly dubious, in light of his statements to the Court's Pretrial Services Agency that he was born in Detroit and is a lifelong resident of Michigan. (*See* Gov't 8/6/2014 Response Br. at 3 & n.1.)

while the defendant in that case, Frederick James, insisted that he was "a Moorish national" who "need obey only those laws mentioned in an ancient treaty between the United States and Morocco," the court observed that "[e]ven if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation." *James,* 328 F.3d at 954. Other courts likewise have rejected claims of lack of jurisdiction brought by professed "Moorish nationals." *See, e.g., United States v. Burris,* No. 06-4874, 231 F. App'x 281, 282 (4th Cir. July 2, 2007); *United States v. Stokes,* No. 3:12-00566, 2013 WL 2387763, at *3 (N.D. Ohio May 30, 2013); *Ward-El v. Barrett,* No. 12-14282, 2012 WL 5929928, at *4 (E.D. Mich. Nov. 27, 2012). Consequently, Defendant Denham's latest challenges to this Court's jurisdiction fare no better than his earlier ones, but instead must again be rejected as frivolous and utterly lacking in merit.

Turning next to Defendant Denham's complaint that he has not been provided with the materials he needs to confirm this Court's jurisdictional authority over him and this case, it readily follows from the above discussion that none of the materials sought by Defendant — *e.g.,* the Court's oath of office, as well as proof of the citizenship of the grand jurors and of all "parties of interest" in the case — are necessary (or even relevant) to the jurisdictional inquiry here. *See United States v. Conces,* 507 F.3d 1028, 1041 (6th Cir. 2007) (rejecting as "frivolous" a jurisdictional challenge based on a district judge's failure to "demonstrate to the satisfaction of a litigant in a particular case that he or she

has taken" the oath of office set forth at 28 U.S.C. § 453).[5]  Rather, the Court's

jurisdictional authority is apparent from the face of the indictment, which charges

Defendant Denham and four other individuals with violations of federal law.

Accordingly, the Government's failure to produce the materials demanded by Defendant

Denham provides no basis for entry of the Government's "default," where the record

does not disclose that the Government has refused any lawful and proper discovery

request, and where the Court has already ruled, in response to prior challenges brought by

Defendant Lawson and by Defendant Denham himself, that it may lawfully exercise

jurisdiction over this case and the individuals named as defendants.

Finally, Defendant Denham contends in a recent "Notice to Abate" that there were

various defects in the process through which charges were brought against him in this

case.  While Defendant's argument on this point is not a model of clarity, he apparently

maintains (i) that the Government failed to properly commence these proceedings by

securing an arrest warrant in accordance with the dictates of the Fourth Amendment,

preparing a criminal complaint in compliance with Fed. R. Crim. P. 3, and ensuring

Defendant an opportunity for a preliminary hearing, and (ii) that he was entitled to notice

that a grand jury was investigating him and an opportunity to challenge the grand jurors

before they were seated.  As to the first of these procedural challenges, the Court

---

[5]Though it is unnecessary to the Court's disposition of Defendant Denham's
jurisdictional challenge, the Court nonetheless produced its oath of office for inspection by
Defendants and their standby counsel at the July 13, 2015 hearing on Defendants' motions.

previously rejected essentially the same argument advanced by Defendant Lawson, explaining that the process through which the charges were brought in this case — *i.e.,* through the grand jury's return of an indictment — is a wholly permissible alternative to the commencement of a criminal prosecution by way of a criminal complaint filed by a U.S. Attorney. (*See* 7/10/2014 Op. at 7-8.)[6]

Likewise, as to Defendant Denham's claim that he was entitled to an earlier opportunity to challenge the qualifications of the grand jurors, this precise contention was already advanced by Defendant Lawson and rejected by the Court. As explained in the Court's ruling on Defendant Lawson's initial motion to dismiss:

> . . . Defendant seems to suggest that his due process rights were violated when a grand jury was seated without him first having the opportunity to challenge the qualifications of the grand jurors. The source of this posited right to "pre-screen" the grand jury, however, is nowhere identified in Defendant's motion. While Defendant points to Fed. R. Crim. P. 6(b) as conferring upon him the right to lodge objections to the grand jury, and to seek the dismissal of the indictment in light of these objections, nothing in this provision requires that such objections be heard and resolved while the grand jury is in session, and before it has even returned the indictment at issue. If Defendant is able during the course of these proceedings to identify any viable grounds upon which the grand jury or an individual grand juror might legitimately be subject to challenge, he is free to raise such objections at that time, and to seek the dismissal of the indictment on those grounds. At present, however, there is no basis whatsoever for Defendant's complaint that he has somehow been "denied" his right to challenge the grand jury, as he has failed to offer anything beyond bare conjecture that there might be grounds for such a challenge in this case.

---

[6]Indeed, the Court observed in this prior ruling that an offense "must be prosecuted by an indictment" where, as here, it is punishable "by imprisonment for more than one year." (*Id.* at 8 (quoting Fed. R. Crim. P. 7(a)(1)).)

(7/10/2014 Op. at 8-9.)[7]  Accordingly, the Court finds no merit in Defendant Denham's various challenges to the procedures through which charges were brought against him in this case.

## III. CONCLUSION

For the reasons stated on the record at the July 13, 2015 hearing, as supplemented by the reasoning and rulings set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Vernon Lawson's October 17, 2014 second motion to dismiss indictment (docket #75) is DENIED.  IT IS FURTHER ORDERED that Defendant Johnnie Denham, Jr.'s several submissions filed on October 16, 2014, November 25, 2014, January 5, 2015, January 16, 2015, March 13, 2015, May 12, 2015, and June 26, 2015 (docket #s 74, 77, 78, 83, 87, 89,

---

[7]To be sure, Defendant Denham purports to find authority in Fed. R. Crim. P. 6(b)(1) for his posited right to pre-screen the members of the grand jury, quoting language from this provision stating that challenges to a grand juror's qualifications "shall be made before the administration of the oath to the jurors."  (Defendant Denham's 5/12/2015 Notice to Abate at ¶ 20 (quoting Fed. R. Crim. P. 6(b)(1)).)  The language quoted by Defendant, however, was deleted from Rule 6(b)(1) back in 2002, with the Advisory Committee explaining that this provision did not "comport with modern practice" or afford a meaningful opportunity to challenge grand juror qualifications because "a defendant will not normally know the composition of the grand jury or identity of the grand jurors before they are administered their oath."  Fed. R. Crim. P. 6, advisory committee's notes to 2002 amendments.

Along the same lines, Defendant Denham cites no authority for his posited entitlement to notice that a grand jury was investigating him.  To the contrary, the requirement of secrecy in grand jury proceedings that is imposed elsewhere in Rule 6, *see* Fed. R. Crim. P. 6(e)(2), militates against the recognition of any right to notice of a grand jury's activities.  To the extent that Defendant complains that this lack of notice defeats his opportunity to challenge the composition of the grand jury or the qualifications of individual grand jurors, the Court explained in its ruling on Defendant Lawson's initial motion to dismiss that such an opportunity is available to Defendants in the course of these proceedings, provided that they can identify a colorable basis for such a challenge that does not rest upon rank speculation.

and 93) are treated by the Court as a renewed motion to dismiss the indictment and supplements to this motion, and are DENIED.

Finally, as stated at the July 13, 2015 hearing, Defendants Denham and Lawson are instructed that any further papers they prepare in this case must first be reviewed by standby counsel before they may be filed with the Court. Any such papers filed by Defendant Denham or Defendant Lawson on their own behalf must include a certification stating that the filing in question was reviewed by standby counsel and indicating whether standby counsel approved of this filing. Any paper filed by Defendant Denham or Defendant Lawson that lacks this certification will be stricken from the docket. In addition, any filing by Defendant Denham or Defendant Lawson that lacks the approval of standby counsel will be considered and ruled on by the Court without a hearing.

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135